1
2
3
4
5
6                    **UNITED STATES DISTRICT COURT**
7                    **EASTERN DISTRICT OF CALIFORNIA**
8
9
10
11   WADE KNIGHT,                      )   Case No.: 1:14-cv-00888-AWI-JLT
                                       )
12            Petitioner,              )   ORDER DENYING PETITIONER'S MOTION
                                       )   FOR RECONSIDERATION (Doc. 21)
13        v.                           )
                                       )   ORDER DENYING PETITIONER'S MOTION
14   PAUL COPENHAVEN,                  )   FOR RE-HEARING (Doc. 22)
                                       )
15            Respondent.              )
     _____  )
16
17        Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas
18   corpus pursuant to 28 U.S.C. § 2254.
19                    **PROCEDURAL HISTORY**
20        The instant petition was filed on June 11, 2014.  (Doc. 1).  On September 30, 2014, the
21   Magistrate Judge entered Findings and Recommendations to dismiss for lack of habeas jurisdiction,
22   concluding that Petitioner must challenge his prior federal conviction in the trial court.  (Doc. 14).  On
23   February 2, 2015, the district court judge adopted those Findings and Recommendations, entered
24   judgment against Petitioner, and ordered the file closed.  (Doc. 19; 20).  On March 4, 2015, Petitioner
25   filed the instant motion for reconsideration  (Doc. 21), and on March 12, 2015, Petitioner filed a
26   motion styled as a petition for re-hearing.  (Doc. 22).  Both motions re-argue the appropriateness of
27   challenging Petitioner's federal conviction in this habeas court rather than before the sentencing court.
28

## DISCUSSION

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).  A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Here, Petitioner failed to the requirements for granting a motion for reconsideration: He has not shown "mistake, inadvertence, surprise, or excusable neglect;" nor has he shown the existence of either newly discovered evidence or fraud; he has not established that the judgment is either void or satisfied; and, finally, Petitioner has not presented any other reasons justifying relief from judgment.  Moreover, pursuant to the Court's Local Rules, Petitioner has not shown "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Local Rule 230(j). (Emphasis supplied).

Indeed, in his objections to the Magistrate Judge's Findings and Recommendations, Petitioner argued, as he does in the instant motions, that he qualifies for the "savings clause" of 28 U.S.C. sec. 2255 and that he has put forth a cognizable claim of actual innocence.  (Docs. 21; 22).  In the order adopting the Findings and Recommendations, the Court expressly considered those points and rejected them.  (Doc. 19).  Petitioner does not present any new evidence or legal arguments, but merely re-

argues the legal issues already considered and rejected by this Court.  In sum, Petitioner has provided no evidence or circumstances that would satisfy the requirements of Rule 60(b), and therefore his motion for reconsideration and motion for re-hearing must be denied.

## **ORDER**

Accordingly, it is HEREBY ORDERED as follows:

1.      Petitioner's motion for reconsideration (Doc. 21), is DENIED.

2.      Petitioner's motion for re-hearing (Doc. 22), is DENIED.

IT IS SO ORDERED.

Dated:   March 19, 2015                                           

                                      SENIOR  DISTRICT  JUDGE